IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY D. SMITH, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:04-CV-2704-G (BH) |
| | ) | ECF |
| JC PENNY'S COMPANY, INC., | ) | Referred to U.S. Magistrate Judge |
|     Defendant. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

### I. BACKGROUND

On December 22, 2004, plaintiff filed the instant complaint against JC Penney's Company, Inc. (*See* Compl. at 1.) The Court granted plaintiff permission to proceed *in forma pauperis* in this action, (*see* Order of Jan. 4, 2005), but because the complaint did not comply with Fed. R. Civ. P. 8(a), the Court directed her to file an amended complaint, (*see* Notice of Deficiency and Order). On January 20, 2005, plaintiff filed an amended complaint. (*See* Am. Compl.) While the amended complaint still does not appear to adequately comply with Rule 8(a), the Court construed the filing as alleging that defendant wrongfully terminated her. The Court therefore sent plaintiff a Magistrate Judge's Questionnaire (MJQ) to obtain additional information regarding the claim. On March 24, 2005, the Court received answers to the MJQ. The Court then mailed a Second MJQ, and plaintiff filed her answers on August 22, 2005.

In her answers to the Second MJQ, plaintiff indicates that her claims arise from a worker's compensation dispute that she had with defendant and includes a claim of discrimination. (*See*

Answer to Question 7 of Second MJQ.)  She claims she filed a claim of discrimination in 1998, received a right-to-sue letter in 2001, and was informed in 2003 by the Texas Workers Compensation Commission that she had a right to sue defendant.  (*See* Answer to Question 4 of Second MJQ.) She has pursued litigation in state court related to the claims raised in the instant action, but did not raise all of her current claims in the state action.  (*See* Answer to Question 1 of Second MJQ.) Furthermore, although she specifically contends that she was wrongfully terminated on August 5, 1999, filed a claim with the Equal Employment Opportunity Commission (EEOC), and received a right-to-sue letter with respect to such claimed wrongful termination, she does not provide the specific date that she received a final decision from the EEOC or the specific date that she received her right-to-sue letter.  (*See* Answers to Questions 1, 3, 4, and 5 of MJQ; Answer to Question 6 of Second MJQ.)

Although the precise jurisdictional basis for this action remains unclear, the Court proceeds as though plaintiff sues defendant for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964.  Because plaintiff has not clearly set out or explained her prior state litigation, the Court assumes without deciding that neither res judicata nor the *Rooker-Feldman* doctrine[1] bars her claims.  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Because plaintiff is proceeding *in forma pauperis* in this action, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  That section provides for *sua sponte* dismissal of the com-

---

[1] This doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  These decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority."  *Exxon Mobil Corp. v. Saudi Basic Indus.*, 125 S. Ct. 1517, 1526 (2005).

plaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000). "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). The Court "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

### III. STATUTE OF LIMITATIONS

The Court has construed this action as one for discrimination under Title VII. Title VII requires plaintiffs to commence discrimination actions within ninety days of receiving a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1) (2003); *Ringgold v. National Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) (per curiam).

Plaintiff commenced this action on December 22, 2004. Although plaintiff does not clearly state when she received her right-to-sue letter from the EEOC, it appears that she received it no

later than sometime in 2003, and perhaps as early as 2001. Regardless of the precise date of receipt, it is clear that plaintiff has not filed the instant action within ninety days of such receipt. Consequently, the Court should dismiss the instant action as untimely. Furthermore, although the ninety-day period is subject to equitable tolling in appropriate circumstances, *see Ringgold*, 796 F.2d at 770, plaintiff has alleged no facts which even suggest that equitable tolling is warranted.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** this action with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure of plaintiff to file it within the statutory period of limitations.

**SIGNED this 22nd day of March, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE